UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHAN MAJOUE

VERSUS

PLAY 8 LTD INC. D/B/A
HEC WORLDWIDE INFLATABLES
AND WATERSLIDES OF THE
COAST, LLC

CIVIL ACTION

NO. 2:21-cv-00612

JUDGE GREG GERARD GUIDRY

MAG. JUDGE JANIS VAN MEERVELD

## ORDER AND REASONS

The Court has before it a Motion in Limine filed by Defendants Play 8 Ltd. Inc. and Waterslides of the Coast, L.L.C. (collectively "Defendants"). R. Doc. 86. Defendants move the Court to strike Plaintiff Nathan Majoue's claims for special damages for future lost wages and benefits, future household services, and future medical expenses. *See* R. Doc. 86-1. Plaintiff states he no longer seeks damages for future lost wages and benefits or future household services as he has been able to return to full-time employment. R. Doc. 89 at 1. However, Plaintiff opposes Defendants' Motion as to his claim for future medical expenses. *See id.*

Although supported by the testimony of several treating physicians and the expert report of Plaintiff's life care, Defendants argue Plaintiff should not be permitted to present evidence at trial regarding his need for future medical care and seeking the cost therefor because Plaintiff has not identified an economic expert who would testify as to the current value of those damages. R. Doc. 86-1 at 6–9. They assert allowing such testimony would "confuse the jury and prejudice the defendants." *Id.* at 9. Essentially, Defendants argue Louisiana law requires the testimony of an

1

economic expert to explain to the jury how to calculate the present value of any and all awards of future damages to render the amount awarded more than "speculative or conjectural." *Id.* at 5 (quoting *Masinter v. Tenneco Oil Co.*, 929 F.2d 191, 194 (5th Cir. 1991)).

Although the Fifth Circuit had held that such future damage awards must be discounted to their present value, *see Culver v. Slater Boat Co.*, 722 F.2d 114, 122 (5th Cir. 1983), "an economic expert is not an absolute prerequisite to recover future damages." *Edwards v. Permobil, Inc.*, 2013 WL 12230886, at *1 (E.D. La. Aug. 12, 2013) (citing *Bonura v. Sea Land Service, Inc.*, 505 F.2d 665, 669 (5th Cir. 1974)). As the Louisiana Supreme Court has explained, "future medical expenses must be established with some degree of certainty[,]" but:

> [w]hen the record establishes that future medical expenses will be necessary and inevitable, the court should not reject an award of future medical expenses on the basis that the record does not provide the exact value of the necessary expenses, if the court can examine the record and determine from evidence of past medical expenses and other evidence a minimum amount that reasonable minds could not disagree will be required.

*Menard v. Lafayette Ins. Co.*, 2009-1869 (La. 3/16/10), 31 So. 3d 996, 1006 (quoting *Stiles v. K Mart Corp.*, 597 So. 2d 1012, 1013 (La. 1992)). Courts in the Fifth Circuit "presume[] that jurors are capable enough and aware enough of modern economics to be able to reduce gross loss to present value intelligently once they have been instructed to perform this function." *Bonura*, 505 F.2d at 669 (citations omitted). Accordingly, "if the jury is presented with sufficient evidence to discount any future damages, an expert is not necessary." *Johnson v. Lopez-Garcia*, 2021 WL 3630109, at *3 (E.D. La. Aug. 17, 2021) (citing *Edwards*, 2013 WL 12230886, at *1). The lack of an economic expert is not fatal to Plaintiff's claim for future medical expenses, and Defendant's motion to strike that claim must be denied.

Therefore, **IT IS ORDERED** that Defendant's Motion is **GRANTED IN PART** as to Plaintiff's claims for future lost wages and benefits and future household services, which are hereby stricken.

**IT IS FURTHER ORDERED** that Defendant's Motion is **DENIED IN PART** as to Plaintiff's claim for future medical expenses.

New Orleans, Louisiana, this 7th day of February, 2024.

Greg Gerard Guidry
United States District Judge